IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

LAWRENCE MOSLEY,                       :
                                       :
              Plaintiff                :
                                       :
       VS.                             :      NO. 7:06-CV-73 (HL)
                                       :
Officer ANDERSON; Officer              :
INGRAM; Sgt. CREWS,                    :      **PROCEEDINGS UNDER 42 U.S.C. §1983**
                                       :      **BEFORE THE U. S. MAGISTRATE JUDGE**
              Defendants               :
                                       :      **RECOMMENDATION**
_____

        Plaintiff **LAWRENCE MOSLEY**, a pre-trial detainee at Lowndes County Jail, has filed a

*pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff also seeks leave to proceed without

prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  In a separate

Order entered on this date, the Court has granted his motion to proceed *in forma pauperis*.

### I.  STANDARD OF REVIEW

        Pursuant to 28 U.S.C. § 1915A,  a federal court is required to dismiss a prisoner's complaint

against a governmental entity or officer or employee of a governmental entity at any time if the court

determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may

be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  A claim

is frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S.

319, 325 (1989).  A complaint may be dismissed for failure to state a claim on which relief may be

granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief.  *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

        In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two

elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege

or immunity secured by the Constitution of the United States.  See *Wideman v. Shallowford*

*Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that

the act or omission was committed by a person acting under color of state law.  *Id.*

## II.  STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff was arrested on June 11, 2006.  He alleges as follows regarding the arrest:  "[T]he officers involved in this issue are all white and all acted in the manner that they did to secure the arrest of a black man even though the evidence and the information surrounding their complaint indicated something else.  All of these officers and their actions were racially motivated."

Bald assertions of racial discrimination do not support a § 1983 claim.  A plaintiff must do more than make the conclusory allegation that a defendant is a racist and has arrested plaintiff on the basis of his race alone.  Plaintiff has failed to present any facts, beyond his own suspicions that the officers' actions were racially motivated, to support his claim of racial discrimination.  *See Urbanique Prod. v City of Montgomery*, 428 F. Supp.2d 1193, 1124 (M.D. Ala. 2006) (explaining that "[p]laintiffs must present evidence that individuals of a different race could have been . . . arrested for the same crime, but were not" in order to show selective enforcement of the law based on race.); *Swint v. City of Wadley*, 51 F.3d 988, 1000 (11th Cir. 1995).

Therefore, the Undersigned **RECOMMENDS** that this claim of racial discrimination be dismissed.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this Order.

**SO RECOMMENDED**, this 29th  day of August, 2006.

*/s/ Richard L, Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE